UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN DOE, et al., <br>     Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CHILDREN AND FAMILIES, et al. <br>     Defendants. | C.A. no. 1:23-CV-11294-FDS |

**MEMORANDUM IN SUPPORT OF THE DEPARTMENT OF CHILDREN AND FAMILIES' MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Commonwealth of Massachusetts Department of Children and Families ("DCF") submits this memorandum in support of its motion to dismiss the Complaint as to DCF in its entirety. The Complaint against DCF should be dismissed because:

1. DCF cannot be sued in federal court pursuant to the Eleventh Amendment;

2. The limited exception to the Eleventh Amendment under *Ex parte Young* does not apply in this case; and

3. DCF is not a "person" under either 42 U.S.C.A. §§ 1983 & 1985, or under the Massachusetts Civil Rights Act ("MCRA").

### BACKGROUND[1]

DCF is a division of the Commonwealth of Massachusetts. Complaint, ¶¶ 62-63. John and Jane Doe were children in the 1990s and were abused by Patrick Rose, Sr. ("Rose"). Complaint, ¶¶ 76-77. James Doe is the spouse of Jane Doe. *Id.* at 14.

---

[1] DCF treats the allegations contained in the Complaint as if true for the purposes of this motion, but reserves its right to contest such allegations if necessary.

1

Rose abused John and Jane Doe from 1990 up until 1997 and 1999, respectively, ceasing the abuse when they were each fourteen years old. *Id.* In 1992 and 1995, DCF was allegedly aware of complaints that Rose sexually abused John Doe and another minor. Complaint, ¶¶ 85-86, 96. Plaintiffs have asserted claims against DCF concerning DCF's investigation and response to the complaints, alleging violations of 42 U.S.C. §§ 1983 and 1985 (hereinafter "Section 1983" and "Section 1985") and the MCRA, as well as various claims sounding in tort. *See generally* Complaint.

## ARGUMENT

**A.    DCF IS IMMUNE FROM SUIT IN FEDERAL COURT BASED ON THE ELEVENTH AMENDMENT**

All claims against DCF must be dismissed because this Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment. The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. Amend. XI*. The Eleventh Amendment also bars suits brought for money damages in federal court against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

States are not subject to suit in the Federal Courts of the United States. *See, e.g.*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)) (noting that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting states 'was not contemplated when establishing the judicial power of the United States'"); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . *a State cannot be sued directly in its own name regardless of the relief sought*.") (emphasis

added); *Alabama v. Pugh*, 438 U.S. 781, 782 (1987) (per curiam).  "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *Pastrana-Torres v. Corporacion de Puerto Rico Para La Difusion Publica*, 460 F.3d 124, 126 (1st Cir. 2006) (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994)).

Although "the Eleventh Amendment was thought to be based upon avoiding an imposition on the state treasury," the Supreme Court now has recognized "the importance of freeing the states from the indignity of being subjected to litigation at all."  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 13 Fed. Prac. & Proc. Juris. § 3524 (3d ed.) (*citing Alden v. Maine*, 527 U.S. 706, 715 (1999)).  "The States thus retain 'a residuary and inviolable sovereignty.'  They are not relegated to the role of mere provinces or political corporations, but retain the dignity, though not the full authority, of sovereignty." *Alden*, 527 U.S. at 715 (*quoting* The Federalist No. 39, p. 245 (C. Rossiter ed. 1961) (J. Madison)).  "The founding generation thought it 'neither becoming nor convenient that the several States of the Union, invested with that large residuum of sovereignty which had not been delegated to the United States, should be summoned as defendants to answer the complaints of private persons.'" *Id.* at 748 (*quoting Ex parte Ayers*, 123 U.S. 443, 505 (1887).

In this case, DCF is an agency of the Commonwealth and has not waived its immunity from suit in federal court.[2]  Further, there is no reference to any congressional act or statute in the

---

[2]     The Commonwealth's waiver of sovereign immunity for torts in state court does not extend to cases in the federal court.  The doctrine of sovereign immunity holds that "[t]he Commonwealth 'cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent expressed ... [by] statute.'" *Woodbridge v. Worcester State Hosp.,* 384 Mass. 38, 42 (1981), quoting *Broadhurst v. Director of the Div. of Employment Sec.,* 373 Mass. 720, 722 (1977). The Commonwealth, including DCF, however, has only waived its sovereign immunity under the Massachusetts Tort Claims Act to allow for suit in the Massachusetts Superior Court.  M.G.L. c. 258, § 3.  As a result, this Court has repeatedly held that state law tort claims against Commonwealth agencies are barred by the Eleventh Amendment.  *See, e.g.*, *Mosher v. Nelson*, 589 F.3d 488, 496 (1st Cir. 2009) (affirming dismissal of state law tort claims as barred by the Eleventh Amendment); *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) (Eleventh Amendment bars negligence claim brought against

3

Complaint whereby Congress has overridden the Commonwealth's immunity for the monetary damages. Rather, it is well settled that Congress did not abrogate, nor has the Commonwealth (DCF) waived, its Eleventh Amendment immunity for civil rights claims brought under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity…"); *Coggeshall v. Mass. Bd. Of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010) (holding Massachusetts state board of registration of psychologists, as arm of state government, enjoyed Eleventh Amendment immunity from § 1983 suit seeking money damages). Based on the foregoing, the Complaint against DCF should be dismissed in its entirety.

**B.    THE PLAINTIFFS CANNOT RELY ON THE DOCTRINE IN *EX PARTE YOUNG* TO AVOID DISMISSAL**

The Plaintiffs cannot avail themselves of the limited exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908). This exception "allows federal courts ... [to] enjoin *state officials* to conform future conduct to the requirements of *federal law*." *Rosie D. v. Swift*, 310 F.3d 230, 234 (1st Cir. 2002) (emphasis added, quotation marks omitted). The exception rests on the premise that "when a federal court commands a state official to *do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes*." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (emphasis added). It "ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law." *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) (*Ex parte Young* exception permits only "injunctive relief to prevent a continuing violation of *federal law*")

---

the Commonwealth in federal court). Additionally, even if the Eleventh Amendment somehow did not apply, Plaintiffs' tort claims are also barred by DCF's sovereign immunity because: (1) DCF's investigatory and disciplinary decisions are discretionary policy actions (M.G.L. c. 258, § 10(b)); and (2) DCF cannot be sued for "an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person." M.G.L. c. 258, § 10(j).

4

(emphasis added).  In this case, however, Plaintiffs' Complaint fails to provide any legal or factual basis for prospective injunctive relief and is flawed in numerous aspects.

First, Plaintiffs request that the Court order injunctive relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of in the Complaint.  Complaint, Prayer for Relief 6.  A request for injunctive relief pursuant to *Ex parte Young*, however, must be narrowly limited to request that a state official, who has "some connection" to the federal law in question, comply with that law.  *Ex Parte Young*, 209 U.S. at 157; *Rosie D.*, 310 F.3d at 234; *see also O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000) (*quoting Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)).  In this case, Plaintiffs have failed to name any state official connected to a Constitutional violation, for which prospective injunctive relief is appropriate.  As such, the doctrine of *Ex parte Young* does not apply to this case.

Second, "[i]n determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"  *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)) (O'Connor, J., concurring in part and concurring in the judgment)).  In this case, however, the Complaint contains no allegations against DCF concerning purported acts or omissions after 1999.  *See generally* Complaint.  Accordingly, Plaintiffs fail to allege any facts supporting a claim that there are ongoing violations of federal law, even if the Plaintiffs were to identify a law, and name a state official.

Third, the Plaintiffs have no standing to bring a claim for prospective injunctive relief given that they became adults in or around 2002, raise no allegations of continuing Constitutional harm, and have no allegations that they will suffer imminent Constitutional harm.

5

*See City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983) (holding that plaintiffs seeking injunctive relief must allege an immediate threat of future injury).

In short, the facts of this case as alleged in the Complaint do not fit within the limited exception to the Eleventh Amendment set forth in *Ex Parte Young*, and the Complaint against DCF should be dismissed in its entirety.

### C. DCF IS NOT A "PERSON" UNDER 42 U.S.C. §§ 1983 AND 1985, OR THE MASSACHUSETTS CIVIL RIGHTS ACT

Plaintiffs' claims against DCF for civil rights violations[3] should also be dismissed because DCF cannot be sued under Sections 1983 and 1985 or the MCRA, M.G.L. c. 12, §§ 11H and 11I.

Section 1983 and 1985 claims lie only against "persons." *See* 42 U.S.C. §§ 1983 & 1985. Neither a State, nor its officials acting in their official capacities, are "persons" under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[I]n common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it." *Will*, 491 U.S. at 64 (quoting *Wilson v. Omaha Tribe*, 442 U.S. 653, 667 (1979)); *see also Thomas v. Salem State Univ. Foundation, Inc.*, 2011 WL 5007973, *8 (D. Mass. Oct. 18, 2011) (a state agency is not considered a person under Section 1985 either). As such, DCF cannot be sued under Sections 1983 and 1985.[4]

DCF also is not a person amenable to suit under the MCRA. ("Section 11I"). General Laws Chapter 12, Section 11I creates a private remedy for the impairment of civil rights, "as described in 11H." Section 11H creates a cause of action whenever "*any person or persons*"…

> interfere by threats, intimidation or coercion, with the exercise of enjoyment by any other person or persons of rights secured by the

---

[3]  The Plaintiffs' civil rights claims are included in Counts 7-12 and 16-17.
[4]  Without a claim pursuant to Sections 1983 and 1985, there is no federal question jurisdiction in this case. 23 U.S.C. § 1331.

>constitution or laws of the United States, or of any rights secured by the constitution or laws of the commonwealth…"

G.L. c. 12, 11H (emphasis added).  Although the MCRA creates a private remedy for certain civil rights violations, the Commonwealth, including DCF, has not waived its immunity from such claims and, as such, it is protected from suits arising out of alleged violations of the statute. *Commonwealth v. ELM Med. Lab., Inc.*, 33 Mass. App. Ct. 71, 76, 79 (1992) ("Neither the language of the statute nor its legislative history supports the argument that the Commonwealth is a 'person.'").  Based on the foregoing, DCF cannot be sued under either federal or state civil rights laws and the Court should dismiss Counts 7-12 and 16-17.

## CONCLUSION

WHEREFORE, the Commonwealth of Massachusetts Department of Children and Families respectfully requests that this Honorable Court dismiss the Complaint in its entirety.

Respectfully Submitted,

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CHILDREN AND FAMILIES
By its Attorneys

ANDREA JOY CAMPBELL,
ATTORNEY GENERAL

*/Nicholas A. Ogden*
Nicholas A. Ogden, BBO# 644007
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108
Tel: (617) 727-2200  Ext. 2211
nicholas.ogden@state.ma.us

Date:  June 30, 2023

## CERTIFICATE OF SERVICE

I, Nicholas A. Ogden, Assistant Attorney General, hereby certify that this Motion, filed through the CM/ECF system this day, June 30, 2023, will be sent electronically to all registered participants of the CM/ECF system, and served on the plaintiff via first class mail.

/s/ Nicholas A. Ogden
Nicholas A. Ogden