UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:23-CV-11294-FDS

|  |  |
|---|---|
| JOHN DOE, JANE DOE, and JAMES DOE, Plaintiffs | ) ) ) |
| v. | ) ) |
| CITY OF BOSTON, PAUL EVANS, individually, ROBERT DUNFORD, individually, MELBERT AHERN, individually, ANNE MARIE DOHERTY, Individually, LADONNA HATTON, individually, EILEEN VANDERWOOD, individually, JOHN MCLEAN, individually, MARIE DONOHUE, Individually, DEFENDANT DOES 1-5, Individually, MASSACHUSETTS DEPARTMENT OF CHILDREN AND FAMILIES, DEFENDANT DOES 6-10, individually, BOSTON POLICE PATROLMAN'S ASSOCIATION, THOMAS NEE, individually, DEFENDANT DOES 11-15, Individually, PATRICK ROSE, SR., and FRANCES ROSE, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT, FRANCES ROSE'S MEMORANDUM IN SUPPORT OF HER MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

Now comes the Defendant, Frances Rose, and submits this memorandum in support of

her Motion to Dismiss the Plaintiffs' claims. For the reasons stated in the Motion and this

Memorandum, the Defendant's motion should be allowed, and all counts of the Plaintiffs'

Complaint against Frances Rose should be dismissed.

**FACTS**

Relevant to the claims against Frances Rose, the Plaintiffs allege the following: The

Defendant, Patrick Rose, Sr. "sexually abused John Doe from approximately 1990 through 1997,

when John Doe was between eight and fourteen years old." Compl. ¶ 76. The Defendant, Patrick

Page 1 of 11

Rose, "sexually abused Jane Doe from approximately 1990 through 1999, when Jane Doe was between five and fourteen years old." Compl. ¶ 77. Rose was a police officer with the City of Boston when he abused John Doe and Jane Doe. Compl. ¶ 81. In 1995, John Doe reported to the Boston Police Department that Patrick Rose, Sr. had abused him. Compl. ¶ 2. A criminal complaint issued against Rose, but was "later dismissed, purportedly because the victim was unwilling to testify." Id.

Patrick "Rose encouraged Frances Rose to participate in John Doe's alleged recant," Compl. ¶ 361, and "Frances Rose was a willful participant in the joint activities with [Patrick] Rose . . . and thus acted 'under color of law.'" Compl. ¶ 360. The Plaintiffs further allege that "John Doe's alleged recant would not have occurred but for [Patrick] Rose being clothed with the authority of the state in his position as a police officer." Compl. ¶ 361. What's more, according to the Plaintiffs, "Frances Rose conspired to deprive Plaintiffs, by force, intimidation, or threat of their fundamental right to be free from deprivation of liberty and right to bodily integrity," and further "conspired to deter Plaintiffs . . . from testifying freely, fully, and truthfully as to Rose's sexual abuse." Compl. ¶¶ 474-475.

The Plaintiffs also allege that Frances Rose "knew or should have known [that Patrick Rose, Sr.] was abusing Plaintiffs," Compl. ¶ 503, and that Frances failed "to provide a safe and supervised environment for Plaintiffs thereby allowing the sexual abuse of Plaintiffs." Compl. ¶ 504. This, Plaintiffs contend, was not only negligent, see Compl. ¶¶ 503-505, but also "willful, wanton, and grossly negligent." Compl. ¶ 581.

Emotionally, the Plaintiffs contend that Frances Rose's actions, see supra, were intended to inflict emotion distress, and that her actions (if only negligent) caused "physical symptomology." Compl. ¶¶ 600, 629. Finally, The Plaintiff, James Doe, alleges that he "suffered

and will continue to suffer loss of society, services, affection, consortium, and companionship of

Plaintiff, Jane Doe." Compl. ¶ 640.

Armed with these allegations, the Plaintiffs have asserted various state and federal claims

against Frances Rose.

## STANDARD OF REVIEW

"[A] court resolving a Rule 12(b)(6) motion to dismiss should begin by separating a

complaint's factual allegations from its legal conclusions." Ocasio-Hernandez v. Fortuño-Burset,

640 F.3d 1, 10 (1st Cir. 2011). "Unlike factual allegations, legal conclusions contained within a

complaint are not entitled to a presumption of truth." Id. Next, the Court must evaluate "whether,

[the factual allegations] taken as a whole, . . . state a facially plausible legal claim." Id. at 11. See

Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008), quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 557-558 ("[T]he factual allegations in a complaint must 'possess enough heft' to

set forth 'a plausible entitlement to relief.'"). Dismissal for failure to state a claim is appropriate

if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each

material element necessary to sustain recovery under some actionable legal theory." Gagliardi,

513 F.3d at 305 (internal quotations omitted). When considering a motion to dismiss based on

the statute of limitations, "a district court should grant a 12(b)(6) motion by the defense if the

complaint . . . fails to sketch a factual predicate that would provide a basis for tolling the statute

of limitations." Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014) (internal

quotations omitted).

## ARGUMENT

I.      **THE PLAINTIFFS' STATE AND FEDERAL CLAIMS ARE ALL BARRED BY
        THE STATUTE OF LIMITATIONS**

Tort claims arising under Massachusetts law "shall be commenced only within three

years next after the cause of action accrues." G.L. c. 260, § 2A. Likewise for "[a]ctions arising

on account of violations of any law intended for the protection of civil rights" like § 11H and 11I

of Chapter 12. See G.L. c. 260, § 5B. "[T]he general rule for tort actions is that an action accrues

when the plaintiff is injured." Koe v. Mercer, 450 Mass. 97, 101 (2007). In cases where the

plaintiff did not know or could not reasonably have known that he or she may have been injured,

the statute of limitations does not start running "until a plaintiff has first, an awareness of [his]

injuries and, second, an awareness that the defendant caused [his] injuries." Doe v. Creighton,

439 Mass. 281, 283 (2003). "Plaintiffs who are minors are protected by tolling of the statute of

limitations until they attain their majority." Flynn v. Associated Press, 401 Mass. 776, 780 n.6

(1988). See also G. L. c. 260, § 7.

Section 1983 and 1985 create "private right[s] of action for redressing abridgments or

deprivations of federal constitutional rights" and do not have their own statute of limitations. See

McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). In processing cases brought under those

federal statutes, "courts use the personal-injury limitations period adopted by the state where the

injury supposedly occurred." Martínez-Rivera v. Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016).

"Although federal courts look to state law for the statute of limitations and tolling principles, the

accrual date of a § 1983 cause of action is a question of federal law that is not resolved by

reference to state law." Ouellette v. Beaupre, 977 F.3d 127, 135 (1st Cir. 2020) (internal

quotations omitted). For a 1983 Plaintiff's cause of action to accrue (and the statute of limitations

to start running), "a plaintiff must, or should, be aware of both the fact of his or her injury and

the injury's likely causal connection with the putative defendant." Id. at 136. "But a limitations

period does not begin to run only when plaintiff learns all facts relevant to a claim. That is what

discovery under the Federal Rules of Civil Procedure is for." Abdallah, 752 F.3d at 121.

Here, the Plaintiffs' allegations are barred by the three-year statute of limitations for all counts against the Defendant, Frances Rose. Nothing in the Plaintiffs allegations indicates (even by inference) that the Plaintiffs were unaware of their respective injuries at the time the abuse occurred – at the latest in 1997 for John Doe and in 1999 for Jane Doe. While G. L. c. 260, § 7 would toll the statute of limitations until John Doe and Jane Doe reached the age of majority, based on the Plaintiffs' allegations, John Doe would have reached the age of majority in 2001, and Jane Doe in 2003. It follows, then, that the three-year statute of limitations for John Doe would have expired in 2004, and for Jane Doe in 2006.

The extended limitations period for actions against perpetrators of sexual abuse under G. L. c. 260, § 4C does not apply to Frances Rose, because she is not alleged to be a perpetrator of abuse. See Koe v. Mercer, 450 Mass. 97, 100 n.8 (2007) ("General Laws c. 260, § 4C, applies to claims against perpetrators of assault and battery by sexual abuse on a minor."). Although § 4C was amended in 2014 – after the Koe decision was issued – the language of the amendment did not alter the subject of the original statute – perpetrators of sexual abuse. See 2014 Mass. Acts c. 145, § 4 (amending 4C by, among other things, expanding the type of claims covered by the statute from "assault and battery" to actions "of tort").

Section 4C ½(i) (extending the limitations period to 35 years for negligent supervision claims that arise out of sexual abuse) also has no application to these facts because it was passed in 2014 and is applied prospectively. The court in Sliney v. Previte, 473 Mass. 283, 287 n.10 (2015) did "not consider in th[e] opinion any question relating to § 4C½ or the retroactivity provisions in § 8 of the act that apply to § 4C½." However, the legislature did consider the retroactivity of 4C½ when it was passed in 2014, and is clear that the 35-year statute of limitations for negligent supervision claims applies prospectively from the date of passage. See

2014 Mass. Acts c. 145, § 8 ("Clause (i) of section 4C½ of chapter 260 of the General Laws shall be limited to all claims arising out of or based upon acts alleged to have caused an injury or condition to a minor which first occurred <u>after the effective date of this act</u>.") (emphasis added). The same is not true of the alternative seven-year statute of limitations in c. 260, § 4C½(ii) after the "victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by [the defendant]." This section – 4C½(ii) – is applied retroactively, like Section 4C. <u>See</u> 2014 Mass. Acts c. 145, § 8 ("Clause (ii) of said section 4C½ of said chapter 260 and sections 4 to 6, inclusive, of this act shall apply regardless of when any such action or claim shall have accrued or been filed."). <u>Accord</u> <u>Sliney</u>, 473 Mass. at 288 (discussing "clear and unequivocal" intent of the legislature in the "retroactive operation" of § 4C). However, this extended seven-year limitations period does not benefit the Plaintiffs, even when applied retroactively to claims prior to 2014.

The Plaintiffs do not allege any facts to show that by 2004 and 2006 (for John Doe and Jane Doe, respectively) or by 2008 and 2010 (applying the extended seven-year statute of limitations), the Plaintiffs had not recognized the connection between the alleged abuse and alleged damages. Indeed, other than boilerplate allegations of damages, the Plaintiffs allege no facts to indicate that they had an inability to recognize the harm or that the alleged perpetrator's actions were being concealed, or that the statute of limitations should be tolled for some other equitable reason. <u>See</u> <u>Koe v. Mercer</u>, 450 Mass. 97, 103-104 (2007).

The Plaintiffs are not only in the best position to allege facts showing either that their Complaint was filed within the statute of limitations, or that due to tolling, the Complaint was nevertheless timely filed, but also are obligated, in their Complaint, to make such a showing. <u>See</u> <u>Abdallah</u>, 752 F.3d at 119. Based on the allegations in the Complaint, however, this obligation

has gone unfulfilled. Accordingly, the Plaintiffs' claims against the Defendant, Frances Rose, should be dismissed. [1] See Hamann v. Carpenter, 937 F.3d 86, 90 (1st Cir. 2019); Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 239 (1st Cir. 2005).

## II.   THE PLAINTIFFS' COUNTS AGAINST FRANCES ROSE ARE FACTUALLY INSUFFIENT TO SURVIVE A MOTION UNDER RULE 12(b)(6).

The Plaintiffs assert eight counts against the Defendant, Frances Rose, each of which lacks factual allegations sufficient to withstand a motion under Rule 12(b)(6). The sufficiency of the allegations in each count is addressed below, in the order in which the counts appear in the Complaint.

1.      Section 1983. "A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law . . . [and] second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997). Ms. Rose, for purposes of this motion (and reserving her rights to later challenge any element of this and all other claims), challenges only the allegations of the "state action" element. "There are two components to the 'state action' requirement. First, the deprivation must be shown to have been caused by the exercise of some right or privilege created by the state, or by a rule of conduct imposed by the state, or by a person for whom the state is responsible." Alexis v. McDonald's Restaurants, 67 F.3d 341, 351 (1st Cir. 1995). "Second, the party charged with the deprivation must be a person

---

[1] Because "[c]laims for loss of consortium are recognized also as independent of personal injury claims," Sisson v. Lhowe, 460 Mass. 705, 710 (2011), "the date of accrual of each action must be determined separately." Olsen v. Bell Tel. Laboratories, Inc., 388 Mass. 171, 177 (1983). But here, the Plaintiff, James Doe, alleges no facts whatsoever to indicate that either he was married to Jane Doe prior to her abuse (and how his relationship with her changed as a result of the abuse – i.e. his loss of consortium), or that his claim did not accrue at the same time as Jane Doe's tort claims. Accordingly, James Doe's claim must be dismissed.

who may fairly be said to be a state actor." Id.

"When the named defendant in a section 1983 case is a private party, the plaintiff must show that the defendant's conduct can be classified as state action." Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 8 (1st Cir. 2015). "The bar for such a showing is set quite high, and . . . '[i]t is [o]nly in rare circumstances' that private parties can be viewed as state actors." Id., quoting Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005). Such circumstances can arise where private actors "align themselves so closely with either state action or state actors that the undertow pulls them inexorably into the grasp of § 1983." Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 253-54 (1st Cir. 1996).

Here, The Plaintiffs' allegations are insufficient to show that Patrick Rose was a state actor for the purpose of anchoring the Plaintiffs 1983 claims against Frances Rose, who is a private party. The Complaint is void of allegations that Patrick Rose was wearing his uniform, whether he was on-duty, whether he perpetrated the alleged abuse at the police station, or whether he used any of his service weapons to effectuate the alleged abuse against Plaintiffs John and Jane Doe. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999) (relevant factors to determine whether a police officer is acting under color of state law include "a police officer's garb, an officer's duty status, the officer's use of a service revolver, and the location of the incident."). The Plaintiffs allegations (and inferences they seek to draw) are that simply because Patrick Rose's job was a police officer, he was therefore at all times acting under color of state law, and Frances Rose's actions would "not have occurred but for Rose being clothed with the authority of the state." Compl. ¶ 361 (emphasis added). Such allegations are insufficient. See Jarvis, 805 F.3d at 10, 13 (allegations that are "nothing more than a suggestion that the police are the 'but-for' cause of the [Defendant's] challenged conduct" are "insufficient

Page 8 of 11

to insufficient to conjure a finding of state action.") (emphasis added). Without sufficient

allegations of state action by Patrick Rose, the Plaintiffs' § 1983 claim against Frances Rose

must be dismissed.[2] See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (Private parties

can qualify as state actors, but their actions must be "fairly attributable to the State.").

       2.       Section 1985. The Plaintiffs' allegations of a 1985 violation are also insufficient

because of the failure to allege any facts pointing to a conspiratorial purpose. The elements of a

Section 1985 claim are: "(1) a conspiracy, (2) a conspiratorial purpose to deprive the plaintiff of

the equal protection of the laws, (3) an overt act in furtherance of the conspiracy, and, lastly, (4)

either (a) an injury to person or property or (b) a deprivation of a constitutionally protected

right." Soto-Padró v. Public Bldgs. Auth., 675 F.3d 1, 4 (1st Cir. 2012) (internal quotations

omitted). The second element – a conspiratorial purpose – requires "some racial, or perhaps

otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

Perez-Sanchez v. Public Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008), quoting Griffin v.

Breckenridge, 403 U.S. 88, 102 (1971). Section 1985 "was intended to address racial animus

first and foremost," and "not all clearly defined classes [are] covered by the statute." Id. at 108.

The "complaint must allege facts showing that the defendants conspired against the plaintiffs

because of their membership in a class and that the criteria defining the class were invidious."

Strahan v. Frazier, 156 F. Supp. 2d 80, 102 (D. Mass. 2001) (emphasis added).

---

[2] Even if the allegations against Patrick Rose are sufficient to show state action, the allegations
that Frances Rose qualifies as a state actor – i.e. that she "was a willful participant in the joint
activities with [Patrick] Rose, the City, and the BPD Defendants," Compl. ¶ 360 – are conclusory
and insufficient. A plaintiff must show that "the government has so far insinuated itself into a
position of interdependence with [a private entity] that it must be recognized as a joint
participant in the challenged activity." Barrios-Velazquez v. Associcion de Empleados del
Estado Libre Asociado, 84 F.3d 487, 494 (1st Cir. 1996) (discussing factors to consider when
determining state action of a private party under the "joint action" test). The Plaintiffs allege no
facts to support this high bar.

Here, the Plaintiffs fail to allege any protected class of people to which they claim to belong, let alone that Frances Rose conspired against any Plaintiffs because of their membership in that class. See Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019) ("A complaint containing only vague and conclusory allegations of a conspiracy fails to state a plausible claim under section 1985."). Accordingly, the Plaintiffs' 1985 claims against Frances Rose must be dismissed.

3.      Massachusetts Civil Rights Act. Under the Massachusetts Civil Rights Act, "a plaintiff must prove that (1) the exercise or enjoyment of some constitutional or statutory right; (2) has been interfered with, or attempted to be interfered with; and (3) such interference was by threats, intimidation, or coercion." Gallagher v. South Shore Hospital, Inc., 101 Mass. App. Ct. 807, 824-825 (2022). "To prevent the act from establishing a 'vast constitutional tort,' the Legislature has 'explicitly limited the [act's] remedy to situations where the derogation of secured rights occurs by threats, intimidation or coercion.'" Id. at 825, quoting Currier v. National Bd. of Med. Examiners, 462 Mass. 1, 12 (2012).

Here, the Plaintiffs' "conclusory allegation[s] simply mirrored the legal standard against which the complaint is to be tested." Ocasio-Hernandez, 640 F.3d at 11. Accordingly, the Plaintiffs' claim against Frances Rose for violating the Massachusetts Civil Rights Act must be dismissed.

4.      Remaining State Law Counts. The other counts asserted against Frances Rose – Count 22; Count 30; Count 35; Count 40; Count 43 – are completely void of specific factual allegations that support the elements of these counts. See id. at 12 ("A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."), quoting Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual

context." <u>Ashcroft</u>, 556 U.S. at 686. Accordingly, the remaining counts directed at the Defendant

Frances Rose should be dismissed.

## **CONCLUSION**

Wherefore, the Defendant, Frances Rose, requests that this court dismiss Counts 6, 15,

20, 22, 30, 35, 40, 43 and order other relief as the Court finds appropriate and just.

Date:  10/3/2023                              */s/ John B. Kulevich*
                                              John B. Kulevich (BBO# 696492)
                                              The Law Office of John B. Kulevich, LLC
                                              Ten Post Office Square
                                              8th Floor South
                                              Boston, MA 02109
                                              Tel: (781) 490-7101
                                              Fax: (781) 394-7968
                                              john@kulevichlaw.com

### **Rule 7.1 Certification**

I, John B Kulevich, hereby certify that on 10/2/2023, I conferred with opposing counsel –
namely Janine D. Kutylo, Esq. – and attempted to resolve or narrow the issues that are the
subject of this filing.

                                              */s/ John B. Kulevich*
                                              John B. Kulevich

### **Certificate of Service**

I, John B. Kulevich, hereby certify that on 10/3/2023, I served a copy of the foregoing by
filing same through the ECF system.

                                              */s/ John B. Kulevich*
                                              John B. Kulevich