UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. |
| v. ) | 23-11294-FDS |
| ) | |
| CITY OF BOSTON, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

**SAYLOR, C.J.**

This case involves the alleged sexual abuse of children. On June 8, 2023, plaintiffs—using the pseudonyms "John Doe," "Jane Doe," and "James Doe"—filed suit against multiple defendants alleging a variety of federal- and state-law claims arising from the abuse John and Jane Doe experienced as children.

There is a "strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). Their use is generally only warranted in "exceptional cases." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022). The First Circuit has identified several paradigmatic situations in which proceeding under a pseudonym is appropriate, including when there is a risk of "unusually severe harm" or when "necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.* Survivors of sexual assault may be permitted to proceed under pseudonyms in either of those situations. *Id.*; *see also Doe v. Del Toro*, 2024 WL 816511, at *2 (D. Mass. Feb. 27, 2024).

Plaintiffs here have not formally sought permission to proceed under pseudonyms. Nonetheless, the complaint asserts that both John and Jane Doe have suffered and will continue

to suffer significant psychological trauma as the result of the alleged abuse.  The Court can readily infer that the disclosure of their identities could further impact their mental health.  *M.I.T.*, 46 F.4th at 71.  The Court can also infer that the disclosure of their identities may discourage similarly situated adult victims of childhood sexual abuse from seeking a remedy in court.  *Id.*  Although James Doe is not alleged to have suffered the same abuse, revealing his identity would, in turn, reveal the identity of Jane Doe, as his spouse.  Considering the totality of the circumstances, therefore, the Court is satisfied at this stage that this is an exceptional case that warrants allowing plaintiffs to proceed under their proposed pseudonyms.

Nonetheless, as the First Circuit has instructed, the Court must ascertain the true identities of John Doe, Jane Doe, and James Doe to permit the normal operation of judicial processes, including such matters as conflict screening.  *Id.* at 77.  That information will remain under seal and will be used only by court personnel for internal purposes.

Accordingly, plaintiffs will be allowed to proceed under pseudonyms.  They are further ORDERED to file a notice of their legal names and current addresses under seal no later than March 26, 2024.

**So Ordered.**

Dated:  March 12, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court