**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:23-cv-11294-FDS**

JOHN DOE, JANE DOE and JAMES DOE,

Plaintiffs,

V.

CITY OF BOSTON, PAUL EVANS, individually, ROBERT DUNFORD, individually, MELBERT AHERN, individually, ANNE MARIE DOHERTY, individually, LADONNA HATTON, individually, EILEEN VANDERWOOD, individually, JOHN MCLEAN, individually, MARIE DONOHUE, individually, DEFENDANT DOES 1-5, individually, MASSACHUSETTS DEPARTMENT OF CHILDREN AND FAMILIES, DEFENDANT DOES 6-10, individually, BOSTON POLICE PATROLMAN'S ASSOCIATION, THOMAS NEE, individually, DEFENDANT DOES 11-15, individually, PATRICK ROSE, SR., and FRANCES ROSE,

Defendants

**THE CITY OF BOSTON AND BPD DEFENDANTS'**

**BRIEF REGARDING THE STATUS OF DISCOVERY PENDING APPEAL**

The City of Boston (the "City") and Individual Defendants Paul Evans, Robert Dunford, Melbert Ahearn, Anne Marie Doherty, Ladonna Hatton, Eileen Vanderwood, John McLean, and Marie Donohue (collectively the "BPD Defendants") respectfully submit this Memorandum of

Law in response to this Court's request at the September 28, 2026 status conference. [ECF No. 144].

## I. INTRODUCTION

The Plaintiffs have filed this lawsuit alleging violations of both 42 U.S.C. § 1983 and Massachusetts state law, arising out of a 1995 Boston Police Department investigation into allegations of sexual abuse. On July 26, 2023 and August 18, 2023, respectively, the City and BPD Defendants moved to dismiss this lawsuit. [ECF Nos. 28, 39] The Court originally granted this motion. [ECF No. 99]. The Plaintiffs appealed that decision, and on August 14, 2026, following a remand from the First Circuit, this Court denied the BPD Defendants' Motion to Dismiss. [ECF No.134]. The BPD Defendants timely filed a Notice of Appeal on September 11, 2026, based in part on the doctrine of qualified immunity. [ECF No. 137].

Because qualified immunity is an immunity from suit and the burdens of litigation – not merely a defense to liability – the filing of the appeal should halt the underlying proceeding in its entirety. In Ashcroft v. Iqbal, 556 U.S. 662, 685–86 (2009), the United States Supreme Court explicitly rejected the notion that discovery may proceed against non-appellant defendants while an interlocutory appeal is pending, recognizing that the appellants and their counsel would be forced to participate in the underlying lawsuit as if they were still active parties to prevent the development of a prejudicial record.

## II. ARGUMENT

***Qualified Immunity is immunity from suit, not just a defense to liability.***

"A qualified immunity defense is an immunity from suit in its entirety. The rationale for allowing an immediate appeal from the denial of qualified immunity is that the immunity from suit is effectively lost if a case is erroneously permitted to go to trial." Hegarty v. Somerset

Cnty., 25 F.3d 17, 18 (1st Cir. 1994) (citing Mitchell v. Forsyth, 472 U.S. at 525–27 (1985)). "This immunity from suit includes protection from the burdens of discovery. "Until this threshold immunity question is resolved, discovery should not be allowed." Id. (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The same logic applies to staying the claims against non-appellant defendants. "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." Ashcroft v. Iqbal, 556 U.S. 662, 685–86 (2009). If this case proceeds into discovery, the BPD Defendants would be required to bear the cost and burden of participating in discovery as if they were still active parties. Such requirements would directly contradict Supreme Court and First Circuit precedent.

***The overlapping facts involved in both sets of claims warrants a stay.***

Among the state-law claims alleged in this lawsuit are counts for violation of the Massachusetts Civil Rights Act (the "MCRA"). G.L. c. 12, § 11I is coextensive with federal qualified immunity under § 1983. A holding by the First Circuit that the BPD Defendants are entitled to qualified immunity would bear directly on – and in all likelihood dispose of – the MCRA claims. Furthermore, the common-law tort claims arise from the same physical encounter and set of facts as the § 1983 claims – facts that cannot be neatly separated into "state-law questions" and "federal civil rights questions." Allowing discovery on the state-law

claims while staying the federal claims places the BPD Defendants in the impossible position of participating – as if they are a party – in the very discovery that has been stayed by their appeal.

Similarly, if discovery proceeds in piecemeal fashion now, then both the party-appellants and non-party witnesses face the possibility of multiple depositions – once now for Monell or state-law claims, and potentially again later for the § 1983 claims, should they remain viable on remand. A comprehensive stay of all discovery preserves a single, orderly discovery track, and avoids the risk of prejudice to the parties or conflicting rulings as the case proceeds.

## III. CONCLUSION

For the foregoing reasons, the City of Boston and the BPD Defendants respectfully request that the Court stay all proceedings in this suit – including discovery obligations and any other pre-trial matters – until after the resolution of the pending interlocutory appeals.

Respectfully submitted,

DEFENDANTS CITY OF BOSTON,
PAUL EVANS, ROBERT DUNFORD,
MELBERT AHERN,
ANNE MARIE DOHERTY,
EILEEN VANDERWOOD,
JOHN MCLEAN, AND
MARIE DONAHUE

By their attorneys,

Michael Firestone
Corporation Counsel

*/s/Adam D. Johnson*

Adam D. Johnson (BBO#679142)
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4097 (ADJ)
(617) 635-4045 (EFW)
adam.johnson@boston.gov
edward.whitesell@boston.gov