UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JOHN DOE, et al.,** <br> **Plaintiffs,** <br> **v.** <br> **CITY OF BOSTON, et al.,** <br> **Defendants.** | ) | **Civil Action No. 23-11294-FDS** |

**MEMORANDUM AND ORDER ON**
**DEFENDANTS' MOTIONS TO STAY DISCOVERY**

**SAYLOR, J.**

This is a civil action arising out of the sexual abuse of young children by Patrick Rose Sr., a Boston police officer, and the alleged failure of various city, state, and union officials to stop the abuse. In April 2022, Rose pleaded guilty to criminal charges including 21 counts of child rape and sexual assault on plaintiffs John and Jane Doe. The sexual abuse began in 1990, when John Doe was eight years old and Jane Doe was five years old.

On June 8, 2023, plaintiffs filed suit against Patrick Rose, his wife Frances Rose, the City of Boston, the Boston Police Department ("BPD"), the Boston Police Patrolman's Association ("BPPA"), the Massachusetts Department of Children and Families ("DCF"), and various individual government officials. The complaint asserts claims under 42 U.S.C. §§ 1983 and 1985 for violations of federal constitutional rights, as well as state-law statutory and common-law claims.

On March 29, 2024, the Court granted defendants' motions to dismiss all of the federal claims and declined to exercise supplemental jurisdiction over the state-law claims. *See Doe v.*

*City of Boston*, 2024 WL 1346018 (D. Mass. Mar. 29, 2024). On July 25, 2025, the First Circuit vacated the dismissal of the § 1983 claims against the BPD and DCF defendants under the state-created danger theory. *See Doe v. City of Boston*, 145 F.4th 142, 158 (1st Cir. 2025). It also vacated the dismissal of the § 1983 claims against the City of Boston under a theory of *Monell* liability. *Id.* at 156. It affirmed the Court's dismissal of the § 1985 claims against all defendants. *Id.* at 158.

On remand, on August 14, 2026, the Court denied defendants' motion to dismiss the state-created danger claims against the BPD and DCF defendants and the *Monell* claims against the City of Boston. *See Doe v. City of Boston*, 2026 WL 2363616, at *2 (D. Mass. Aug. 14, 2026). It granted the motion to dismiss the failure-to-train claim against the City of Boston. *Id.* at *16.

On September 11, 2026, the BPD defendants filed a notice of appeal from the August 14 order "denying their Motion to Dismiss, in which they asserted qualified immunity and other defenses." (Dkt. No. 137). On September 14, 2026, the DCF defendants filed a notice of appeal from the same order "denying their Motion to Dismiss, in which they asserted qualified immunity, prosecutorial immunity, and other defenses." (Dkt. No. 138).

On October 19, 2026, the BPD, DCF, and BPPA defendants, as well as the City of Boston, filed motions requesting the Court to stay all proceedings, including discovery, pending the resolution of the appeals. In substance, the motions contend that filing a notice of appeal on qualified-immunity grounds requires a stay of all discovery. Plaintiffs filed a response that same day.

For the reasons set forth below, the Court will deny the motions to stay discovery.

# I. **Analysis**

The filing of an interlocutory appeal ordinarily "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 93 (1st Cir. 2003) (quoting *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997)). However, there are "a few narrow exceptions to this rule, such as where the defendant frivolously appeals or takes an interlocutory appeal from a non-appealable order." *Id.* (quoting *DeFries*, 129 F.3d at 1302-03) (emphasis omitted). "In a subset of interlocutory appeals of qualified immunity rulings, the 'notice of appeal may be so baseless that it does not invoke appellate jurisdiction' even when filed." *Id.* (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). One example of a "patently meritless" notice of appeal that fails to divest the district court of jurisdiction is when "a district court's pretrial rejection of a qualified immunity defense . . . turns on either an issue of fact *or an issue perceived by the trial court to be an issue of fact*." *Id.* at 96 (quoting *Stella v. Kelley*, 63 F.3d 71, 74 (1st Cir. 1995)); *accord Morse v. Cloutier*, 868 F.3d 16, 22 (1st Cir. 2017).

Here, the Court found that the qualified-immunity question could not be resolved without further factual development.[1] It surveyed the relevant caselaw and noted that "the state-created danger theory . . . could serve as the basis for substantive due-process liability," at the time of the initial investigation. *Doe v. City of Boston*, 2026 WL 2363616, at *13. But the Court emphasized that "[t]hat finding alone . . . is insufficient to decide whether defendants are entitled to qualified immunity." *Id.* It therefore concluded that "[t]he present factual record . . . is too sparse for the Court to determine whether qualified immunity applies" and instructed that "any

[1] It is true that, somewhat confusingly, the Court's order stated at the outset that, "at least based on the allegations of the complaint, those [substantive due-process] claims are not barred by qualified immunity." *Doe v. City of Boston*, 2026 WL 2363616, at *2. Nonetheless, the order made clear that further factual development was required to resolve the immunity issue, and defendants do not argue otherwise.

decision on whether the defense of qualified immunity applies will have to await the development of a fuller factual record." *Id.* at *14.

Thus, in substance, the Court's order did not resolve the qualified-immunity issue and concluded that discovery as to immunity-related issues was required. That is reason enough to find that the notices of appeal are baseless. *See Apostol*, 870 F.2d at 1339 (identifying, as an example of when "a notice of appeal may be so baseless that it does not invoke appellate jurisdiction," the circumstance where "the district judge has not finally resolved the question of immunity").[2] Therefore, because "defendants' notice of appeal was patently meritless," it "failed to divest the district court of jurisdiction in the first instance." *Rivera-Torres*, 341 F.3d at 96; *see also id.* at 95-96 (explaining that a district court can "clearly establish[]" its jurisdiction by "noting the unappealability of its qualified immunity ruling" in an "order denying the stay" before the beginning of proceedings).[3]

Defendants cite *Hegarty v. Somerset County* for the proposition that qualified immunity "is an immunity from suit," which "includes protection from the burdens of discovery." On that basis, they emphasize that discovery is ordinarily not permitted "[u]ntil this threshold immunity question is resolved," which "carr[ies] over through the *appellate court's* resolution of that question, so long as the appeal is non-frivolous." 25 F.3d 17, 18 (1st Cir. 1994) (first quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As an initial matter, the caveat of *Hegarty*

---

[2] The basic principles underlying the collateral-order doctrine further counsel against appealability. As a general rule, only final decisions of district courts are appealable. *United States v. Pedro-Vidal*, 991 F.3d 1, 4 (1st Cir. 2021). The collateral-order doctrine provides a limited exception to that rule. *Id.* An appeal may be taken from a non-final order if the order "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). There has been no such conclusive determination here.

[3] While evaluating the merits of an appeal is ordinarily the province of the Court of Appeals, "[u]nder well-settled law, courts entertaining a motion for stay are compelled to evaluate the merits of the petition and anticipate its disposition on appeal." *Rivera-Torres*, 341 F.3d at 95.

applies here, because the appeals are not "non-frivolous." Furthermore, and in any event, *Hegarty* explicitly concerned "extensive discovery directed at the merits of the case." *Id.* It "note[d] what is *not* involved here"—specifically, the fact that "the district court, prior to its ruling on the issue of qualified immunity, properly ordered some discovery *limited to that issue*." *Id.*; *see also Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024) ("[A] party asserting the defense of qualified immunity is immune from discovery that is 'avoidable or overly broad,' and [] when the district court is 'unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover those facts needed to rule on the immunity claim,' an order allowing such limited discovery is neither avoidable nor overly broad.") (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Defendants also cite *Ashcroft v. Iqbal* for the proposition that discovery should be stayed as to all defendants. The relevant language is as follows:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009). That dicta in *Iqbal* does not require a global stay of discovery in all instances where a defendant asserts an immunity defense. *See Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1167 (D.N.M. 2023) (collecting cases to show that "*Iqbal* and *Harlow* never purported to alter long-standing precedent that provides district courts considerable discretion in controlling the scope, timing, and methodology of discovery so as to mandate a global stay of discovery").

In summary, because the appeals are baseless, the Court retains the power to order limited discovery on the issue of qualified immunity notwithstanding the pendency of the appeals. The motions to stay discovery will therefore be denied.

## II. Conclusion

For the foregoing reasons, the motions of the Boston Police Department defendants, Massachusetts Department of Children and Families defendants, the Boston Police Patrolman's Association, Thomas Nee, and the City of Boston to stay discovery are DENIED. The Clerk is directed to set a scheduling conference to address issues of discovery on immunity-related issues.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 2, 2026